# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BERENTE,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>    Defendant.<br>_____/ | CASE NO. 1:08-cv-00951-YNP GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF A THREE-JUDGE COURT AND ISSUANCE OF A PRISONER RELEASE ORDER<br><br>(Doc. 1)<br><br>ORDER PROVIDING PLAINTIFF WITH THIRTY DAYS WITHIN WHICH TO FILE A NOTICE OF VOLUNTARY DISMISSAL OR A COMPLAINT<br><br>(Doc. 1) |

    Plaintiff is a state prisoner proceeding pro se. This action was initiated following receipt of Plaintiff's motion for a three-judge court and the issuance of a prisoner release order. Plaintiff cites 18 U.S.C. § 3626 as authority for his motion. Because this action arises from Plaintiff's conditions of confinement at Avenal State Prison, this action was designated upon opening as one seeking relief pursuant to 42 U.S.C. § 1983.

    18 U.S.C. § 3626 of the Prison Litigation Reform Act governs remedies with respect to prison conditions. One form of relief is a prisoner release order, which must be entered by a three-judge court. 18 U.S.C. § 3626(a)(3). A prisoner release order may not be issued unless "a court has

previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order," and "the defendant has had a reasonable amount of time to comply with the previous court orders." 18 U.S.C. § 3626(a)(3)(A).

Section 3626 governs remedies available in a civil action. It does not provide an independent basis for initiation of suit. Accordingly, Plaintiff's motions for a three-judge court and a release order, filed pursuant to section 3626, are denied.

Plaintiff may opt to continue with this suit as one filed pursuant to section 1983, which "creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). If Plaintiff chooses to proceed with a section 1983 action, he must file a civil complaint pursuant to 42 U.S.C. § 1983. In light of this order, the Court will provide Plaintiff with a thirty-day period to voluntarily dismiss this action if he does not wish to proceed. If Plaintiff chooses to proceed, he must file a complaint that comports with federal pleading requirements. If Plaintiff chooses not to voluntarily dismiss the action or if Plaintiff does not respond to this order, this action will be dismissed for failure to prosecute.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v. Taylor, 451 U.S. 527, 535 (1981).

42 U.S.C. § 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motions for a three-judge court and a prisoner release order are DENIED;
2. If Plaintiff does not wish to proceed with this action, he shall file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff chooses to proceed he shall file a complaint pursuant to 42 U.S.C. § 1983 within thirty days of the date of service of this order. Failure to do so will result an dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated:  February 4, 2010             /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE